IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS | § | |
| v. | § | CIVIL ACTION NO. 6:22cv165 |
| MICHAEL CARVAJAL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Alex Adams, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Federal Bureau of Prisons Director Michael Carvajal, U.S. Attorney General Merrick Garland, the chief of federal pre-trial services in San Antonio, the Inspector General of the United States, and the President of the United States.

**I. Background**

In his original complaint, Plaintiff asserts that he was sexually assaulted while confined in the Texas penitentiary. He also indicates that he was wrongfully convicted and that he has been stabbed. He contends that each of the named defendants neglected their duties by failing to act on his complaints and by failing to bring charges of sexual assault and life endangerment.

After review of this complaint, the Court ordered Plaintiff to file an amended complaint setting out a short and plain statement of his claims. The order specifically noted that Plaintiff did not explain how any of the named individuals were involved in any way with the allegations forming the basis of his complaint, and that civil rights plaintiffs must show that each defendant was

personally involved in a constitutional violation or that wrongful acts by each defendant were causally connected to a constitutional deprivation. Neither the original nor the amended complaint contain any dates or locations of the alleged incidents.

In his amended complaint, Plaintiff says that the Attorney General did not believe his claim of actual innocence, the chief of pre-trial services did not act when all was brought to his attention, the Inspector General did not press charges against an individual named Anthony Gordon for stabbing Plaintiff, and Michael Carvajal and President Biden were sued because "we need criminal justice reform." Plaintiff explains that he did not have his property and so he cannot remember what he said in his original complaint, and the Court has a history of using his amended complaint over the original, which he is "not okay with." He says that if something is wrong with his original complaint, the Court should just tell him so he can fix it, and otherwise, the original complaint should be used.

## II. Discussion

Plaintiff was ordered to amend his complaint to set out a short and plain statement of his claims, as required by Fed. R. Civ. P. 8(a). *See, e.g.*, Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (*pro se* litigants should normally be afforded the opportunity to amend prior to dismissal for failure to state a claim). The order to amend directed Plaintiff to provide a concise statement of the facts giving rise to his claims, to name the individual or individuals whom he wished to sue and explain how each was involved in the facts forming the basis of the claim, and to set out the harm which he suffered and the relief sought. The order also advised Plaintiff that he had to show how the named defendants were involved in the facts forming the basis of his claim.

However, Plaintiff's amended complaint does not offer any specific facts concerning his claim, much less show how any of the named Defendants are involved. None of the named Defendants have a duty under the Constitution or laws of the United States to investigate claims made by state prisoners. *See* Alexander v. Ware, 714 F.2d 416, 420 (5th Cir. 1983). Similarly, Plaintiff has no constitutional right to have someone else criminally prosecuted. Oliver v. Collins,

904 F.2d 278, 281 (5th Cir. 1991). Despite having the opportunity to amend his complaint. Plaintiff's conclusory and inchoate assertions, untethered to specific facts, are wholly insufficient to state a claim upon which relief may be granted. Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (Section 1983 actions against individual governmental officials require "claims of specific conduct and action giving rise to a constitutional violation," not merely conclusory assertions).

### III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. Twombly, 550 U.S. at 556.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing

3

a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. Chhim v. University of Texas at Austin, 836 F.3d 467, 469 (5th Cir. 2016).

In this case, Plaintiff has wholly failed to state a claim upon which relief may be granted against any of the named Defendants in his case. As such, his lawsuit may be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 7th day of October, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE